FILED
AUG 1 4 2019
Clerk, U.S. District and Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF APPLICATION
FOR A SEIZURE WARRANT FOR:

OIL TANKER "GRACE 1" (IMO 9116412)
AND ALL PETROLEUM ABOARD OIL
TANKER "GRACE 1" (IMO 9116412)

Case: 1:19-sz-00020
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/14/2019
Description: Search and Seizure Warrant

Filed Under Seal

### MOTION AND SUPPORTING MEMORANDUM
### TO SEAL APPLICATION AND AFFIDAVIT

COMES NOW, the United States of America, by and through the United States Attorney for the District of Columbia, and respectfully moves for an order to place and maintain under seal, until further order of this Court, the application and the affidavit in support thereof for a seizure warrant for all funds associated with Oil Tanker "Grace 1" (Imo 9116412) and All Petroleum Aboard Oil Tanker "Grace 1" (Imo 9116412) ("Target Properties"), as well as this Motion and Supporting Memorandum To Seal Affidavit, and any order granting this motion. In support whereof, the government states as follows:

1. The United States government investigating the illicit laundering of funds related to bank fraud, and sanctions violations by the Iranian Islamic Revolutionary Guard Corps (IRGC), a designated foreign terrorist organization, which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5).

2. There is a related sealed civil forfeiture action pending related to the Target Properties. *See* 19-cv-1989 (JEB).

3. As set forth in the affidavit and related civil forfeiture complaint, law enforcement has uncovered evidence showing that oil tanker *Grace 1* (bearing International Maritime Organization (IMO) Number 9116412) has been involved with the secret, unconventional sales to conceal the nexus to Iran. Law enforcement has also discovered that, in addition to transferring

Iranian petroleum, the *Grace 1* used fraudulent documents when conducting this activity. Moreover, financial records show that U.S. dollar wires were sent through the United States financial system for the benefit of the *Grace 1* near the time of illicit transfers by the *Grace 1*. Ultimately, this illegal activity was part of an illicit scheme perpetrated in part by the IRGC.

6. The affidavit and application for a seizure warrant accompanying this motion results from evidence gathered in the course of the investigation referred to in the preceding paragraph. The information set forth in the affidavit identifies the subject of the investigation. If the investigation became public knowledge, it could alert targets who might destroy evidence to frustrate prosecution or move their other ill-gotten gains beyond the jurisdiction of the Court. The Government fears that premature release of the information in the affidavit might compromise the investigation's success.

7. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)); *see also United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1981); *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975).

8. In this matter, the United States has a compelling interest in preserving the integrity of the investigation and assuring the availability for forfeiture of funds that derive from criminal activity. Thus, plaintiff submits that a limited sealing order keeping the affidavit from being available in this Court's public files is narrowly tailored to serve a compelling interest.

9. Further, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. The rationale set forth above applies to this motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal a seizure warrant affidavit or a resulting sealing order means that the Government intends to seize the property. Given the sensitivity of the Government's ongoing investigation and the potential that targets familiar with the subject transaction and property might be alerted to destroy evidence and conceal other forfeitable property, complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Consequently, this motion also asks the Court (1) to delay entry on the public docket of the filing of this Motion to Seal and Order of the Court; (2) to decide that no hearing on this motion is needed; and (3) not to make this motion, nor any order granting it, a part of the public record until further order of the Court.

10. Pursuant to Federal Rule of Criminal Procedure 49.1(b)(1) and 49.1(b)(7) and Federal Rule of Civil Procedure 5.2(b)(1), the United States respectfully submits that there is no requirement for any document filed in this case to be redacted. There is no opposing party whose position on this motion can be ascertained and stated in this motion. A proposed order granting this motion is attached for the Court's convenience.

11. The Target Properties are currently restrained in Gibraltar, pursuant to their legal authorities. However, that restrain may dissipate as early as August 15, 2019. Accordingly, the government expects deliver the requested seizure warrant as part of a mutual legal assistance request to Gibraltar and/or other foreign partner in order to seize the Target Properties with a view towards then transferring possession of those properties to the United States. All of those steps

may require the government to share the warrant and underlying facts and documents with domestic and foreign authorities.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal the application and affidavit in support thereof for a seizure warrant for the Target Properties, as well as this Motion And Supporting Memorandum To Seal Affidavit, and any order granting this motion, until further order of this Court;

WHEREFORE, the United States further respectfully requests permission to disclose the existence and contents of sealed documents as needed with appropriate domestic foreign authorities in order to facilitate the seizure and transfer of the Target Properties. Because the Target Properties are inanimate objects which cannot ask for unsealing, the government further requests that leave be granted to automatically unseal once sealing is no required.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY

By:   /s/ Zia Faruqui
       Zia M. Faruqui, D.C. Bar No. 494990
       Assistant United States Attorney
       555 4th Street, N.W., Rm. 4806
       Washington, D.C. 20530
       zia.faruqui@usdoj.gov
       202-252-7117 (Faruqui)

Dated: August 14, 2019

**FILED**
AUG 1 4 2019
Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF APPLICATION FOR A SEIZURE WARRANT FOR: <br><br> OIL TANKER "GRACE 1" (IMO 9116412) AND ALL PETROLEUM ABOARD OIL TANKER "GRACE 1" (IMO 9116412) | Case: 1:19-sz-00020 <br> Assigned To : Magistrate Judge Meriweather, Robin M. <br> Assign. Date : 8/14/2019 <br> Description: Search and Seizure Warrant <br><br> **Filed Under Seal** |

### ORDER

This matter came before the Court on the Government's motion for a sealing order. In consideration of the criteria set forth in *Washington Post v. Robinson*, 935 F.2d 282, 289-90 & n.10 (D.C. Cir. 1991), and the representations made in the Government's motion, it is by the Court on this 14th day of August, 2019,

the Government's Motion is **HEREBY GRANTED;** it is further

**ORDERED** that the Clerk of the Court shall place and maintain under seal the Seizure Warrant and attachments thereto, the Application for the Seizure Warrant, Affidavit in Support of the Seizure Warrant in this matter, the subsequent Return of the Seizure Warrant, the Government's Motion and this Order be sealed until further order of the Court or until such time as the Government must disclose the affidavit to comply with its discovery, *Giglio* and *Brady* obligations in any pending related criminal case; it is further

**ORDERED** that he Government is authorized to disclose any of the above-listed documents in order to comply with any discovery, *Giglio*, or *Brady* obligations in any criminal case; it is further

**ORDERED** that the United States is authorized to disclose the existence of the warrant, related pleadings, and underlying information with appropriate domestic foreign authorities in order to facilitate seizure and transfer of the properties in question; it is further

**ORDERED** that because these properties are inanimate objects which cannot ask for unsealing, the government is granted authority to automatically unseal the instant matter once sealing is no required; it is further

**ORDERED** that the Clerk's Office shall provide to the U.S. Attorney's Office three (3) certified copies of the Seizure Warrant and related pleadings in this case.

HON. ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA